RECEI___

SEP 29

___L. CLERK
___ LOUISIANA

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

SEP 2 9 2004

ROBERT H. SH___, CLERK
BY ___
DEPUTY

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
### ATLANTA DIVISION
### SHREVEPORT, LOUISIANA

| | |
|---|---|
| PHOUTHON KEOMANIVONG | > |
| A#25021447 | > |
| PETITIONER | > |
| | > |
| VS. | > |
| | > |
| TOM RIDGE, as Secretary of | > |
| Department of | > |
| Homeland Security | > |
| Michael J. Garcia , as Assistant | > |
| Secretary Of ICE, and Larry Horton, | > |
| as Atlanta District Director | > |
| Of ICE | > |

# CV04-1998-M
## SEC P

CIVIL ACTION FILE NO.

# JUDGE JAMES
## MAGISTRATE JUDGE KIRK

# PETITION FOR WRIT OF HABEAS CORPUS

Comes now petitioner **PHOUTHON KEOMANIVONG (hereinafter"petitioner")**, and files this petition for writ of Habeas Corpus.
Petitioner is a native of **LAOS** and is currently in the custody of INS of Atlanta District Division of the immigration and Customs Enforcement **(hereafter ICE")**, at the **Tensas Parish Detention Center in Waterproof, La.**

This court has jurisdiction over respondents **TOM RIDGE** , Secretary of Homeland Security, **Michael J. Garcia**, as Assistant Secretary of ICE and **Larry Horton**, as Atlanta District Directors of ICE(herein "Respondents") because respondents can be reached by
Service of process. **SEE: eg: BRADEN V. 30ᵀᴴ Judicial Circuit Court of Kentucky; 410 U.S. 484 (1973)**

This court has jurisdiction under **28 USC Sec. 2241 et seq and sec 1331** . petitioner was issued a final order of removal on *Oct 4th, 04* after petitioner waived his right to contest deportability. Thus making his final order on *Oct 4th, 0 4*.

These proceeding are governed by Immigration and Nationality Act **(hereinafter "INA")** consequently **2241** Habeas remains available to petitioner. There are no Administrative remedies for petitioner to exhuast.

Venue is proper in this district under **28 USC ~1391 (e)**, the respondents are employees of the United States government, they reside in the Western District of Louisiana and events given rise to his claim occurred there.

# SPECIFIC ALLEGATIONS

Petitioner alleges that: this action arises under the Constitution of the United States, and the Immigration and Nationality Acts (INA), **8 USC~ 1101 et seq.,** as ammended by the illigal immigrant reforms and immigrant responsibility **Acts of 1996 (IIRIRA) Pub. L. NO.104-208,110 Stat. 1570** and the Adminstrative Procedure **Acts (APA) , 5 USC ~ 701 et. seq.**

This court has jurisdiction under **28 USC ~ 2241, art I ~ 9, CI 2** of the United States Constitution (Suspension Clause) and **28 USC ~ 1331** as petitioner is presently in custody under color of the authority of the United States, and such custody is in violation of the Constitution Laws or treaties of the United States. The court may grant relief pursuant to **28 USC ~ 2241, 5 USC ~ 702 , and the All writ Act ,28 USC ~ 1651.**
See:eg: **Mayer v. United States Immigration & Naturalization Service 175 f 3d 1289. 1299 (11th Cir 1999)**; Henderson v. Reno **157 f 3d 106, 122 (2nd cir 1988)**, cert.Denied sub. Nom. **Reno v. Navas 119 s Ct 1141 (1999)**, . this court may grant relief pursuant to **28 USC ~1241**, The Adminstrative Procedure **Acts 5 USC ~ 701-706 th** Declarative Judgement **Acts,28 USC ~ 2201 et. Seq.**, and The All writ **Acts 28, USC ~ 1651**

Petitioner is a native and citizen of **LAOS** and currently in custody of **ICE** since he was ordered to deported on _Oct 4, 04_ on charges of being convicted felonies any relief, thus making on _Oct 4 04_ the date of his final order.

Petitioner's native country has no repatriation agreement with the United States. **SEE; Ma V. Ashcroft. 357f. 3rd 1095, 1100 (9th Cir 2001 ) and Ngo v. INS. 192 f 3rd 390,.395 3rd Cir. 1999**. In the absence of a repatriation agreement between **LAOS** and the **United States**, petitioner cannot likely be removed now or in any foreseeable future.
Petitioners  need not exhuast further adminstrative remedies. The statues in question.8 U S C ~ 1231 (a) (6) has no exhuastion requirements. Exhuastion is required only  when Congress specifically mandates it. **McCarthy v. Madigan,503 US 140,144 (1992).** In all other instances" sound judicial judgement governs" **Id.**
The Supreme Court has recognized that Courts should not required exhuastion where there is an unreasonable or indefinite timeframe for adminstrative action. **Id. at 1047**, here **HQPDU** is not required to issue a decision at any length of time. **8 CFR~ 241.13 (g).**

ICE cannot contend that petitioner is too dangerous to be released. Having a criminal record is an insufficient reason to refuse release as the Supreme Court has required that the dangerousness rationale be accompanied by some other special circumstamce such as protect an individuals due to the process by his rights guaranteed by the **Fifth Amendment.**
The courts also suggested the constitution prohibited an adminstrative agency from making unreviewable decision affecting one's fundmental rights.
Petitioner has exhausted his adminstrative remedies to the extent required by laws, and his only remedy is by way of this judicial action.

The ultimate authority to interpret and give meaning to federal statues is vested in the courts of the United States. And not in the administrative agencies that are charges with enforcing those statues. **See U.S Constitution; Art III**

Petitioner remains detained by ICE. This restraint on petitioner's liberty is in violation of the Constitution Laws and, treaties of the United States.

## Prayer For Relief

Petitioner prays this court to order ICE to release petitioner pursuant to the fifth Amendment of the United States Constitution.

The facts upon which this petition is based are derived from petitioner's personal knowledge and from the records and decisions of the Executive Office of Immigration Review, the former Immigration and Naturalization Service and ICE.

No petitioner for writ of Habeas Corpus has previously been filed in any court to review decisions and actions described herein.

**WHEREFORE,** Petitioner prays that a writ of Habeas Corpus shall be issued directed to the respondents, requiring them to show cause why petitioner should not be discharged from the restraint of his liberty now imposed on him by the respondents.

**WHEREFORE,** Petitioner also prays that this court would grant such other and further relief as this court seems proper under the circumstances.

Respectfully submitted this _10_ day of _Sept_ 2004.

**PHOUTHON KEOMANIVONG A#25021447**
**Tensas Parish Detention Center**
**HC62 Box 500**
**Waterproof, LA 71375**

**DISTRICT DIRECTOR**
**IMMIGRATION AND NATURALIZATION SERVICE**

**300 FANNIM ST. SUITE 1167**
**SHREVEPORT, LA 71101-3083**

**DEAR: DISTRICT DIRECTOR;**

I REQUEST THAT THE DISTRICT DIRECTOR REVIEW MY CUSTODY STATUS BECAUSE I BELIEVE THAT I QUALIFY FOR AN ORDER OF SUPERVISION. SPECIFICIALLY, I HAVE BEEN IN DETENTION FOR MORE THAN 90 DAYS AFTER BEING ORDERED REMOVED, I AM NOT A DANGER TO THE COMMUNITY, AND I AM NOT A FLIGHT RISK IF APPROPRIATE, I ALSO REQUEST AN INTERVIEW.

I WAS ADMITTED TO THE U.S. ON OR ABOUT APRIL 24, 1980 AS A REFUGEE WITH MY FAMILY AND OUR STATUS WAS ADJUSTED TO THAT OF A LAWFUL PERMANENT RESIDENT ON OR ABOUT OCTOBER 6, 1981 AS AN IMMIGRANT. THE FOLLOWING FAMILY THAT RESIDED HERE ARE PERMANENT REIDENCE. THEY ARE PHOMALY KEOMANIVONG(FATHER) BANCHONG KEOMANIVONG(MOTHER) VON KEOMANIVONG(BROTHER) SAYALETH KEOMANIVONG(BROTHER) KEODORN KEOMANIVONG(BRO) BEKER KEOMANIVONG(BROTHER IS A U.S. CITIZEN) AND PHONEPHET KEOMANIVONG(SISTER IN PROCESS OF GETTING HER U.S. CITIZENSHIP)

MY REMOVAL FROM THE U.S. DOES NOT FORESEEABLE IN THE NEAR FUTURE AS THE COUNTRY I WAS BORN **(LAOS)** DOES NOT HAVE A TRANSFER TREATY WITH THE U.S. THEREFORE, I RESPECTFULLY REQUEST MY RELEASE IN THE U.S. I DO NOT POSE A DANGER TO THE COMMUNITY NOR DO I PRESENT A FLIGHT RISK. I WOULD HAVE PRESENTED EVIDENCE SUPPORTING MY POSITION BUT THE TIMING OF THE NOTICE DID NOT GIVE ME THE CHANCE TO GATHHER IT. ALL I CAN SAY IS THAT I AM MENTALLY STABLE AND READY TO GO BACK TO SOCIETY WHERE I HACE A PLACE TO STAY AND MY BUSSINESS RUNNING. **(I WILL LIST THE CONTACTING INFORMATION AT THE END OF THIS LETTER.)**

I WOULD LIKE TO ADD THIS IS THE ONLY COUNTRY I HAVE KNOWN IN MY CHILDHOOD AND ADULT LIFE, AND I AM PLANNING TO ABIDE BY ANY CONDITIONS IMPOSED FOR MY RELEASE INCLUDING ALL APPEARANCES IN COURT REQUIRED BY THE CONDITIONS. I DO NOT HAVE A HISTORY OF ESCAPE OR FAILURE TO APPEAR FOR JUDICIAL OR OTHER PROCEEDINGS.

I WANT TO SAY THAT MY IMPRISONMENT GAVE ME THE OPPORTUNITY TO REFLECT ABOUT MY LIFE AND THE ACTIONS THAT LED TO MY ARREST, I, AS FOR MY SELF-REFLECTION HAD A PROFOUND

IMPACT ON ME AND MY THINKING. NOW I HAVE A NEW GOALS AND HORIZON AND I AM EQUIPPED WITH DETERMINATION, AND CONFIDENCE THAT I WILL LIVED AN HONEST AND DECENT LIFE. I HAVE REALIZED AND SUFFERED THE CONSEQUENCES OF MY ACTIONS AND THROUGH THIS I HAVE CAME TO FIND A REAL PURPOSE IN LIFE, JUST LIKE EVERY OTHER CITIZEN.

**I WANT TO THANK YOU IN ADVANCE FOR YOUR VALUABLE TIME AND UNDERSTANDING.**

**RESPECTFULLY SUBMITTED;**

**PHOUTHON KEOMANIVONG**

**CC.FILE**

**CONTACT INFORMATION FOR EMPLOYMENT AND HOUSING;**

**PHON KEOMANIVONG (SISTER)**
3 CARLYNN CT
GREENSBORO, NC 27455
(336) 540-0789

**DON KEOMANIVONG(BRO)**
5740 HOLLIROSE RD
CHARLOTTE,NC 28277
(336) 567-9419

**PHOMMALY KEOMANIVONG ( PARENT)**
BANCHONG KEOMANIVONG
3 CARLYNN CT
GREENSBORO, NC 27455
(336) 540- 0789
(336) 327- 2789

**VANHSY MANVONG(FRIEND)**
6606 SOUDER ST
PHILADELPHIA,PA 19149
(215) 722-5609
(215) 669-9783

**SOURIYETH RINTHALUKAY (FRIEND)**
4506 PLEASANT VALLEY RD
GREENSBORO, NC 27406
(336) 299-3252

**AI SYSOURATH (COUSIN)**
643 WESLY DR
HIGH POINT,NC 27260
(336) 889-2123

CC.File

**SWORN BEFORE ME**

**ON THIS** ___10th___ **DAY OF** _September_ **2004**

_Brenda D Goodin #64831_
_Ex Officio Notary_
_Jensas Sheriff Office_

## Supportive Family and Friends

Vilalack Keomaniveng

Chuong Nguyen

Rasamy Rinthalukay

Watana Rinthalukay

Soukanda Xayavong

Phikoun Khamchanh

Nithda Phong

Jerry Phong

Lisa Lanhkamdaeng

Hoang Nguyen

Welson Sysourath

Vilay Inthavong

Laxanh Saravanh

Phissamy Phong

Jerry Phong

Nina Dang

Anousa Sounthongphom

Phuong Huynh

Kaikeo Sysourath

Sou Rinthalukay

## Members of Laos Associations of the Triad, Inc.

Mr. Chanthone Symouangphone
2024 Opal Rd.
Greensboro, NC  27403
336-279-8393

Mr. Phayphet Vimongkhonh
2202 May Bank Dr.
Greensboro, NC 27403
336-297-4798

Mr. SongKham Khounsavanh
3312 Ryder Wood Dr.
Greensboro, NC  27407
336-292-9702

Mr. Souripha Sengsourina
1522 Meadowview Rd.
Greensboro, NC  27403
336-294-0517

Mr. Vanlop Senethavysouk
2508 Murrayhill Rd.
Greensboro, NC 2508
336-547-8668

Mr. Long and Phet Ean
2213 W. Florida St.
Greensboro, NC 27403
336-854-2957

Mr. Phomma Khounsavanh

## Contact Information for Employment and Housing

Phommaly & Banhong Keomanivong (Parents)
3 Carlynn Ct.
Greensboro, NC 27455
336-540-0789

Mr. Sam Vongthong
3831 West Ave.
Greensboro, Nc 27403
336-294-5629

Mr. Phang Keovorabouth
3700 Fielding Place
Greensboro, NC  27405
336-954-2731

Mr. Somphone Sysourath
2112 Murrayhill Rd.
Greensbsoro, NC  27403
336-299-9086

Mr. Thongdam Inthavong
1544 Willomore St.
Greensboro, NC  27403
336-203-2043

Mr. Boune Visoury
2203 Meloine Ln.
Greensboro, NC  27407
336-851-2499

Mr. Sivilay Vichittavong
2300 Revolan Dr.
Greensboro, nC  27407
336-299-1352

Mr. Thao Bone
3989 Pelham Dr.
Greensboro, NC  27406
336-275-6351

Mr. Souksavanh Keokongsy
1202 Brandt St.
Greensboro, NC  27403

Mr. Souphat Malay
2600 Murrayhill Rd,
Greensboro, nC  27403
336-294-2507

<u>Supportive Family and Friends</u>

Vilalack Keomanivong

Chuong Nguyen

Rasamy Rinthalukay

Watana Rinthalukay

Soukanda Xayavong

Phikoun Khamchanh

Nithda Phong

Jerry Phong

Lisa Lanhkamdaeng

Hoang Nguyen

Welson Sysourath

Vilay Inthavong

Laxanh Saravanh

Phissamy Phong

Jerry Phong

Nina Dang

Anousa Sounthongphom

Phuong Huynh

Kaikeo Sysourath

Sou Rinthalukay

<u>Contact Information for Employment and Housing</u>

Phommaly & Banhchong Keomanivong (Parents)
3 Carlynn Ct.
Greensboro, NC 27455
 336-540-0789
 336-327-2789

Phon Keomanivong (older sister)
3 Carlynn Ct.
Greensboro, NC 27455
336-540-0789
336-254-7046

Don Keomanivong (brother)
5740 Hollirose Rd.
Charlotte, NC 28277
704-567-9419

Von Keomanivong (brother)
3807 David St.
Archdale, nC 27263

Beker Keomanivong (brother)
3 Carlynn Ct.
Greensboro, NC 27455
336-540-0789
336-327-2789

Cee Keomanivong (brother)
1925 E. Washington St.  Apt G
Colton, CA 92324

Vanhsy Manvong (friend)
6606 Souder St.
Philadelphia, PA 19149
215-722-5609
215-669-9783

Ai Sysourath (cousin)
643 Wesly Drive
High Point, NC 27260

U. S. Department of Justice

Immigration and Naturalization Service

# Notice to Appear

## In removal proceedings under section 240 of the Immigration and Nationality Act

File No: **A025 021 447**

**Case No: VRD0407000009**

In the Matter of:

Respondent: **Phouthon KEOMANIVONG** _____ currently residing at:

**C/O U.S. ICE, 77 FORSYTH ST., SW
ATLANTA GEORGIA 30303** _____   **(404)331-2765** _____
(Number, street, city state and ZIP code)        (Area code and phone number)

☐ 1. You are an arriving alien.

☐ 2. You are an alien present in the United States who has not been admitted or paroled.

☒ 3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:

**See Continuation Page Made a Part Hereof**

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

**See Continuation Page Made a Part Hereof**

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to: ☐ 8 CFR 208.30(f)(2)  ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at: _____
**MARTIN LUTHER KING JR. FED BLDG 77 FORSYTH ST S.W. RM 112 Atlanta GEORGIA US 303 RM 112**
(Complete Address of Immigration Court, Including Room Number, if any)

on **a date to be set** ___ at **a time to be set** ___ to show why you should not be removed from the United States based on the
 (Date)          (Time)

charge(s) set forth above.

**THOMAS D. OCONNELL
RESIDENT AGENT IN CHARGE** _____
(Signature and Title of Issuing Officer)

Date: **July 9, 2004** ___

**CARY, NORTH CAROLINA** _____
(City and State)

### See reverse for important information

Form I-862 (Rev. 3/22/99)N

**Continuation Page for Form** I-862

| Alien's Name | File Number | Date |
|---|---|---|
| **Phouthon KEOMANIVONG** | **Case No: VRD0407000009** <br> **A025 021 447** | **July 9, 2004** |

**The Service alleges that you:**

1) You are not a citizen or national of the United States;

2) You are a native of LAOS and a citizen of LAOS;

3) You were admitted to the United States at PHILADELPHIA, PA on or about April 24, 1980 as a Refugee;

4) Your status was adjusted to that of a lawful permanent resident at PHILADELPHIA, PA on or about October 6, 1981 as an IMMIGRANT (R8-6) pursuant to section P.L. 96-212 of the Act;

5) You were, on June 11, 1998, convicted in the General Court of Justice, Superior Court Division, Guilford County, High Point, NC for the offense of Robbery with a Dangerous Weapon, in violation of the G.S.N.C. 14-87 for which a sentence of 77 to 102 months incarceration were imposed;

6) You were, on June 11, 1998, convicted in the General Court of Justice, Superior Court Division, Guilford County, High Point, NC for the offense of Possession of a Firearm by a Felon, in violation of the G.S.N.C. 14-415.1 for which a sentence of 77 to 102 months incarceration were imposed;

7) You were, on March 18, 1998, convicted in the General Court of Justice, Superior Court Division, Guilford County, Greensboro, NC for the offense of Inciting to Riot, in violation of the G.S.N.C. 14-288.2(c) for which a sentence of 6 to 8 months incarceration were imposed;

8) You were, on March 18, 1998, convicted in the General Court of Justice, Superior Court Division, Guilford County, Greensboro, NC for the offense of Possession of Stolen Goods, in violation of the G.S.N.C. 14-71.1 for which a sentence of 6 to 8 months incarceration were imposed.

**On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:**

Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in Section 101(a)(43)(F) of the Act, a crime of violence (as defined in section 16 of Title 18, United States Code, but not including a purely political offense) for which the term of imprisonment ordered

| Signature | Title |
|---|---|
| **THOMAS D. OCONNELL** | **RESIDENT AGENT IN CHARGE** |

___3___ of ___4___ Pages

Form I-831 Continuation Page (Rev. 6/12/92)

U.S. Department of Justice
Immigration and Naturalization Service

Continuation Page for Form    I-862

| Alien's Name | File Number | Date |
|---|---|---|
| Phouthon KEOMANIVONG | Case No: VRD0407000009<br>A025 021 447 | July 9, 2004 |

is at least one year.

Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in section 101(a)(43)(G) of the Act, a law relating to a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment at least 1 year was imposed.

Section 237(a)(2)(A)(ii) of the Immigration and Nationality Act, as amended, in that, at any time after admission, you have been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct.

| Signature | Title |
|---|---|
| THOMAS D. OCONNELL | RESIDENT AGENT IN CHARGE |

_4_ of _4_ Pages

Form I-831 Continuation Page (Rev. 6/12/92)

**U.S. Department of Justice**
Immigration and Naturalization Service

**Notice of Custody Determination**

**Phouthon KEOMANIVONG**

C/O U.S. ICE, 77 FORSYTH ST., SW
ATLANTA, GA 30303

Case No: VRD0407000009
File No: A025 021 447
Date: 07/09/2004

Pursuant to the authority contained in section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Federal Regulations, I have determined that pending a final determination by the immigration judge in your case, and in the event you are ordered removed from the United States, until you are taken into custody for removal, you shall be:

- ☒ detained in the custody of this Service.
- ☐ released under bond in the amount of $_____.
- ☐ released on your own recognizance.

☒ You may request a review of this determination by an immigration judge.
☐ You may not request a review of this determination by an immigration judge because the Immigration and Nationality Act prohibits your release from custody.

THOMAS D. OCONNELL
(Signature of authorized officer)

RESIDENT AGENT IN CHARGE
(Title of authorized officer)

CARY, NORTH CAROLINA
(INS office location)

☒ I do  ☐ do not request a redetermination of this custody decision by an immigration judge.
☒ I acknowledge receipt of this notification.

_____ (Signature of respondent)        7/9/04 (Date)

## RESULT OF CUSTODY REDETERMINATION

On _____, custody status/conditions for release were reconsidered by:

☐ Immigration Judge    ☐ District Director    ☐ Board of Immigration Appeals

The results of the redetermination/reconsideration are:
☐ No change - Original determination upheld.     ☐ Release-Order of Recognizance
☐ Detain in custody of this Service.             ☐ Release-Personal Recognizance
☐ Bond amount reset to _____           ☐ Other: _____

_____ (Signature of officer)

Form I-286 (Rev. 4-1-97)N

U.S. Department of Justice

Immigration and Naturalization Service

# Warrant for Arrest of Alien

Case No: VRD0407000009

File No. A025 021 447

Date: July 9, 2004

**To any officer of the Immigration and Naturalization Service delegated authority pursuant to section 287 of the Immigration and Nationality Act:**

From evidence submitted to me, it appears that:

Phouthon KEOMANIVONG

(Full name of alien)

an alien who entered the United States at or near PHILADELPHIA, PA on

(Port)

April 24, 1980 is within the country in violation of the immigration laws and is

(Date)

therefore liable to being taken into custody as authorized by section 236 of the Immigration and Nationality Act.

By virtue of the authority vested in me by the immigration laws of the United States and the regulations issued pursuant thereto, I command you to take the above-named alien into custody for proceedings in accordance with the applicable provisions of the immigration laws and regulations.

_____
(Signature of authorized INS official)

THOMAS D. OCONNELL
_____
(Print name of official)

RESIDENT AGENT IN CHARGE
_____
(Title)

---

## Certificate of Service

Served by me at CARY, NORTH CAROLINA on July 9, 2004 at 10:00 AM.
I certify that following such service, the alien was advised concerning his or her right to counsel and was furnished a copy of this warrant.

LEONARDO
_____
(Signature of officer serving warrant)

IMMIGRATION ENFORCEMENT AGENT
_____
(Title of officer serving warrant)

Form I-200 (Rev. 4-1-97)N

## Notice to Respondent

**Warning:  Any statement you make may be used against you in removal proceedings.**

**Alien Registration:**  This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings.  You are required to carry it with you at all times.

**Representation:**  If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16.  Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice to allow you sufficient time to secure counsel.  A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:**  At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case.  If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross-examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:**  You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address.  If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

---

### Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge.

Before: _____                     _____
                                                                                           (Signature of Respondent)

_____                    Date: _____
   (Signature and Title of INS Officer)

---

### Certificate of Service

This Notice to Appear was served on the respondent by me on __**July 9, 2004**_____ , in the following manner and in
                                                                                                    (Date)
compliance with section 239(a)(1)(F) of the Act:

[X] in person          [ ] by certified mail, return receipt requested          [ ] by regular mail
[ ] Attached is a credible fear worksheet.
[X] Attached is a list of organizations and attorneys which provide free legal services.

The alien was provided oral notice in the __**ENGLISH**_____ language of the time and place of  his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____                         _____
   (Signature of Respondent if Personally Served)                        LEONARDO (____)
                                                                                                IMMIGRATION ENFORCEMENT AGENT
                                                                                                       (Signature and Title of Officer)

Form I-862 (Rev. 3/22/99)N



PCAR111D (24)

KEOMANOIVONG, PHOUTHONE   DOC ID: 0564878

I HAVE READ (OR HAVE HAD READ TO ME) THESE CONDITIONS OF RELEASE.   I
AGREE TO COMPLY WITH ALL CONDITIONS SET OUT IN THE ORDER DURING THE
PERIOD OF MY PAROLE.   I FULLY UNDERSTAND THAT FAILURE TO COMPLY WITH
ANY OR ALL OF THESE CONDITIONS MAY RESULT IN THE REVOCATION OF MY
PAROLE AND MY INCARCERATION FOR THE REMAINDER OF MY SENTENCE.

DATE: 7-6-04         SIGNATURE: _____

WITNESS: _____   WITNESS: _____



# Bladen Community College

## CERTIFICATE

# Phovthone T. Keomanivong

is hereby officially awarded
his certificate in CARPENTRY

May 7, 2004

_____
Instructor

_____
Mr. Lynn Grey King
Curriculum Program Specialist

PHOUTHONE TUY KEOMANIVONG
POST OFFICE BOX 217
YANCEYVILLE NC 27379

# PIEDMONT COMMUNITY COLLEGE
## ROXBORO, NORTH CAROLINA

### THIS CERTIFIES THAT

PHOUTHONE TUY KEOMANIVONG

**HAS COMPLETED**
HRD/CBI
**AND HAS EARNED A GRADE OF**
P - PASS

# PIEDMONT COMMUNITY COLLEGE
## P.O. BOX 1197, Roxboro, NC 27573-1197
### GRADE REPORT

| STUDENT NAME | | STUDENT NO. | MAJOR | SEMESTER | DATE |
|---|---|---|---|---|---|
| KEOMANIRONG, PHOUTHONE T | | 18800442 | 035100 | 039031 | 01/07/04 |

| | DEPT | COURSE NO | SECT | DESCRIPTION | GRADE | HOURS ATTEMPTED | HOURS EARNED | QUALITY POINTS |
|---|---|---|---|---|---|---|---|---|
| G R A D E  R E P O R T | AHR | 110 | 1Y | Intro to Refrigeration | B | 5.0 | 5.0 | 15.0 |
| | AHR | 11? | 1Y | Refrigeration Systems | B | 2.0 | 2.0 | 6.0 |
| | AHR | 113 | 1Y | HVACR Maintenance | B | 2.0 | 2.0 | 6.0 |
| | AHR | 125 | 1Y | HVAC Electronics | B | 2.0 | 2.0 | 6.0 |
| | AHR | 220 | 1Y | Residential Building Code | A | 2.0 | 2.0 | 6.0 |
| | ELC | 131 | 1Y | Intro to Electricity | C | *Bladen* 4.0 | | |
| | MAT | 101 | 1Y | Applied Mathematics I | C | # 4395 | | 9.0 |

| SUMMARY | CREDIT HOURS ATTEMPTED | CREDIT HOURS EARNED | QUALITY POINTS | AVERAGE |
|---|---|---|---|---|
| | 21.0 | 21.0 | 42.0 | 1.95 |
| | 19.0 | 19.0 | 57.0 | 3.00 |
| | 60 | 60 | 189.0 | 3.15 |

# PIEDMONT COMMUNITY COLLEGE

## ROXBORO, NORTH CAROLINA

## THIS CERTIFIES THAT

PHOUTHONE TUY KEOMANIVONG

**HAS COMPLETED**
HRD/GRIP
**AND HAS EARNED A GRADE OF**
P - PASS
FOR 114.00 CONTACT HOURS
THIS COURSE CARRIES   11.4 CONTINUING EDUCATION UNITS

DATE   10/24/02

_James Owen_
PRESIDENT



**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**
**ATLANTA DIVISION**
**SHREVEPORT, LOUISIANA**

| | | |
|---|---|---|
| PHOUTHON KEOMANIVONG | > | |
| A#25021447 | > | **CV04-1998-M** |
| PETITIONER | > | |
| | > | *SEC P* |
| Vs. | > | CIVIL ACTION FILE NO. |
| | > | **JUDGE JAMES** |
| TOM RIDGE, as secretary of | > | |
| Department of Homeland Security | > | MAGISTRATE JUDGE KIRK |
| MICHEAL J. GARCIA, as Assistant | > | |
| Secretary, Immigration and Customs | > | |
| Enforcement, and Larry Horton, | > | |
| As Atlanta District Director of | > | |
| Immigration and Customs | > | |
| Enforcement | > | |

<u>**WRIT OF HABEAS CORPUS**</u>

**TO:  District Director**
       **Immigration and Customs Enforcement**

**YOU ARE HEREBY COMMANDED** that the body of
**PHOUTHON KEOMANIVONG,**
Restrained of his liberty be brought to you together with a return stating
the time and cause of his detention, before a Judge of the United States
District Court for the Western District, Atlanta Division, on the
_____ day of _____2004 at _____ O' clock \_\_\_\_.m., to do and
receive all further directions which the said Judge shall then and there
consider and make in that behalf.

Witness the hon_____ Judge of this court at

_____ this _____day of _____2004

                        _____
                            **Clerk**

# WRIT ALLOWED _____ 2004

_____

**United States District Judge**